No. 24-6058

IN THE

# United States Court of Appeals for the Ninth Circuit

ASHLEY M. GJOVIK,

*Plaintiff-Appellant,*

*v.*

APPLE INC.,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:23-cv-04597-EMC, Hon. Edward M. Chen

## DEFENDANT-APPELLEE APPLE INC.'S MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION

Jeffrey T. Quilici
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
200 West 6th Street, Suite 2250
Austin, TX  78701

Jessica R. Perry
Melinda S. Riechert
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Kathryn G. Mantoan
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105

*Counsel for Defendant-Appellee*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Apple Inc. states that it has no parent corporation and there is no publicly held company that owns 10% or more of its stock.

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ............................................. i

TABLE OF AUTHORITIES ............................................................ iii

INTRODUCTION ....................................................................... 1

BACKGROUND ........................................................................ 2

ARGUMENT ........................................................................... 7

    I.    This Court Lacks Jurisdiction Under 28 U.S.C. § 1291. ....... 7

        A.    The Dismissal Order is not a final decision. ............... 8

        B.    Ms. Gjovik Cannot Meet The Stringent Requirements Of The Collateral Order Doctrine. ...... 10

    II.    This Court Lacks Jurisdiction Under 28 U.S.C. § 1292. ..... 13

CONCLUSION ........................................................................ 15

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carson v. Am. Brands, Inc.,*
    450 U.S. 79 (1981) ................................................................. 14

*Casey v. Albertson's Inc.,*
    362 F.3d 1254 (9th Cir. 2004) ............................................... 8

*Cohen v. Benefit Indus. Loan Corp.,*
    337 U.S. 541 (1949) ........................................................ 8, 11

*Coopers & Lybrand v. Livesay,*
    437 U.S. 463 (1978) ............................................................ 12

*Corona v. Knowles,*
    423 F. App'x 695 (9th Cir. 2011) ......................................... 15

*Digit. Equip. Corp. v. Desktop Direct, Inc.,*
    511 U.S. 863 (1994) ...................................................... 10, 11

*Disabled Rights Action Comm. v. Las Vegas Events, Inc.,*
    375 F.3d 861 (9th Cir. 2004) ...................................... 8, 10, 13

*Fontana Empire Ctr., LLC v. City of Fontana,*
    307 F.3d 987 (9th Cir. 2002) ............................................... 12

*Greensprings Baptist Christian Fellowship Tr. v. Cilley,*
    629 F.3d 1064 (9th Cir. 2010) ............................................. 10

*Gupta v. Thai Airways Int'l, Ltd.,*
    487 F.3d 759 (9th Cir. 2007) ............................................... 11

*Lazy Y Ranch Ltd. v. Behrens,*
    546 F.3d 580 (9th Cir. 2008) ............................................... 11

*Meredith v. Oregon,*
    321 F.3d 807 (9th Cir. 2003) ............................................... 12

iii

*Mohawk Indus., Inc. v. Carpenter,*
  558 U.S. 100 (2009) ............................................................. 11

*Parker v. Learn the Skills Corp.,*
  No. 03-6936, 2004 U.S. Dist. LEXIS 21499 (E.D. Pa. Oct.
  25, 2004) ............................................................................. 4

*R. W. v. Columbia Basin Coll.,*
  77 F.4th 1214 (9th Cir. 2023) ............................................ 15

*Stringfellow v. Concerned Neighbors in Action,*
  480 U.S. 370 (1987) ........................................................... 14

*Swint v. Chambers Cnty. Comm'n,*
  514 U.S. 35 (1995) ............................................................. 11

*Thompson v. Frank,*
  599 F.3d 1088 (9th Cir. 2010) ........................................... 11

*United States v. Lummi Indian Tribe,*
  235 F.3d 443 (9th Cir. 2000) ............................................... 8

*WMX Techs., Inc. v. Miller,*
  104 F.3d 1133 (9th Cir. 1997) (en banc) ........................... 10

## Statutes

28 U.S.C. § 1291 ................................................... 1, 7, 8, 10

28 U.S.C. § 1292 ........................................................ 2, 13

28 U.S.C. § 1292(a)(1)................................................ 14, 15

28 U.S.C. § 1292(a)(2)...................................................... 14

28 U.S.C. § 1292(a)(3)...................................................... 13

28 U.S.C. § 1292(b) ..................................................... 2, 14

Cal. Labor Code § 6310 ...................................................... 4

iv

**Rules and Regulations**

9th Cir. R. 27-1(5) ............................................................................... 1

9th Cir. R. 27-11(a)(1) ......................................................................... 1

Fed. R. Civ. P. 12(b)(6) ...................................................................... 12

Fed. R. Civ. P. 54(b) ............................................................................ 9

Pursuant to Ninth Circuit Rule 27, the above-captioned Defendant-Appellee Apple Inc. respectfully moves to dismiss Plaintiff-Appellant Ashley M. Gjovik's appeal.[1][2]  Apple has conferred with Ms. Gjovik, *see* 9th Cir. R. 27-1(5), who indicated she opposes the relief requested in this Motion.

## INTRODUCTION

This Court lacks jurisdiction over Ms. Gjovik's premature appeal from a *non-final* order granting partial dismissal of some of her claims.

In general, federal courts have jurisdiction to review only "final decisions of the district courts." 28 U.S.C. § 1291. But Ms. Gjovik noticed this appeal from a district court order that is anything but final. That order ruled on Apple's partial motion to dismiss, which did not challenge two of Ms. Gjovik's thirteen causes of action and challenged only portions of several others. And while the district court granted dismissal of *some* of Ms. Gjovik's challenged claims with prejudice, it

---

[1] Ms. Gjovik's opening brief is due November 12, 2024.  Dkt 2.  Apple's answering brief is due December 13, 2024.  *Id.*  This motion stays the briefing schedule. 9th Cir. R. 27-11(a)(1).  This is Apple's first motion to dismiss.

[2] Within this motion, references to "Dkt.__" are to this Court's docket for this appeal.  References to "ECF __" are to entries on the district court docket for this case, N.D. Cal. No. 3:23-cv-04597-EMC.

1

left pending many others, and even granted Ms. Gjovik leave to amend select claims within certain limits. Because myriad claims remain for later decision by the district court, no final order exists.

Similarly, the common-law exception for a limited class of collateral orders does not apply because the issues decided in the district court order go directly to the merits of her claims and are easily reviewable on appeal from a final judgment.

Neither can Ms. Gjovik establish jurisdiction under 28 U.S.C. § 1292.  For example, Congress has empowered district courts to certify interlocutory orders for immediate appeal. 28 U.S.C. § 1292(b). However, Ms. Gjovik has neither sought nor obtained certification of any portion of the district court's dismissal order.  And none of the other narrow grants of jurisdiction in § 1292—such as for receivership orders, admiralty cases, or denial of motions seeking an injunction—apply here.

Because this Court lacks jurisdiction to review the dismissal order prior to a final judgment, it should dismiss this appeal.

## BACKGROUND

This appeal arises from the district court's order granting in part and denying in part Apple's motion for partial dismissal of Ms. Gjovik's

Fourth Amended Complaint.  (ECF 78, Ex. 1 ("Partial MTD"); ECF 112, Ex. 2 ("Dismissal Order").)[3]

Ms. Gjovik, proceeding pro se[4] following her termination from employment at Apple, filed her initial 155-page complaint against Apple on September 7, 2023.  (ECF 1, Ex. 3 ("Complaint").)  In the wake of Apple's repeated motions to dismiss, and the district court's orders dismissing various claims—including one that *sua sponte* dismissed the "more than 650 page[]; … 1,620 paragraph[]" Second Amended Complaint in full for violating Rule 8 due to "excessive length compounded by a lack of clarity"—Ms. Gjovik has thus far amended her complaint four separate times, most recently on June 18, 2024. (*Amended Complaint, ECF 17, Ex. 4 ("FAC"); Second Amended Complaint, ECF 32, Ex. 5 ("SAC"); Order Denying Plaintiff's Motion For Judicial Notice And Dismissing Plaintiff's Second Amended Complaint,

---

[3] The Dismissal Order also denied Apple's motion to strike portions of the Fourth Amended Complaint, and granted Ms. Gjovik's motion to strike a declaration by a third party former Apple employee.  (Dismissal Order at 2, 5 n.2, 38.)  In those brief segments of the order, Ms. Gjovik received all the relief she requested, and Apple received none.
[4] Ms. Gjovik "appears to have a J.D. from Santa Clara University" and chose to represent herself in the district court.  (Dismissal Order at 1 & n.1; *see also* 4AC ¶ 8, 13.)  She appears to have done the same before this Court.

3

ECF 46 at 2-3, Ex. 6 (quoting *Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 U.S. Dist. LEXIS 21499, at *4-5 (E.D. Pa. Oct. 25, 2004)); Third Amended Complaint, ECF 47, Ex. 7 ("TAC"); Fourth Amended Complaint, ECF 76, Ex. 8 ("4AC").)

On July 15, 2024, Apple moved to dismiss portions of Ms. Gjovik's Fourth Amended Complaint. (ECF 78, Ex. 1 ("Partial MTD").) Specifically, Apple's Partial MTD did not challenge the 4AC's Count 1 (termination in violation of public policy) or Count 3 (violation of California Labor Code § 6310). (*See generally* Partial MTD; *see also* Dismissal Order at 7.). In addition, Apple's Partial MTD challenged three of the remaining eleven counts only in part. (Partial MTD at 19-21 (seeking to dismiss only certain factual predicates of Count 2), 21-22 (seeking to dismiss Count 5 "to the extent that it seeks civil penalties"), 23 n.16 (noting that Apple was not seeking dismissal of "the portion of the Sixth Claim set forth in paragraph 182"); Dismissal Order at 38-41 (noting that Apple moved to dismiss these three claims "in part").)

Ms. Gjovik opposed the Partial MTD, and Apple replied. (ECF 84, Ex. 9 ("MTD Opp."); ECF 89, Ex. 10 ("MTD Reply").) Ms. Gjovik sought to file a sur-reply, but the district court struck it both because it was

4

"not targeted to any alleged new contention" in Apple's reply, and because, at "more than seventy pages in length," it greatly exceeded the permitted page limits.  (ECF 93, Ex. 11; ECF 98, Ex. 12.)

On October 1, 2024, the district court issued a 41-page order granting in part and denying in part Apple's Partial MTD.  (Dismissal Order.)  The district court noted that the 4AC is "a sprawling pleading," with thirteen separate state-law claims.  (Dismissal Order at 1, 7.) Noting that Apple had not challenged Counts 1 or 3, the district court organized the remaining eleven claims into three groups: the "retaliation claims," the claims concerning "environmentally unsafe conditions," and the "remaining claims."  (Dismissal Order at 7.). The district court then carefully analyzed the merits of each of Apple's challenges, reaching the following results:

- Count 2 (violation of § 1102.5): partially dismissed, with leave to amend to address tolling;

- Count 4 (violation of § 6399.7): dismissed with prejudice for failure to oppose;

- Count 5 (violation of § 98.6): partially dismissed, with leave to amend to address tolling;

- Count 6 (violation of §§ 232, 232.5, 1101, 1102): partially dismissed, with leave to amend to allege the required knowledge;

- Count 7 (violation of § 96(k)): not dismissed;

- Count 8 (breach of implied covenant): dismissed with prejudice due to waiver;

- Count 9 (privacy violation under § 17200):[5] dismissed with prejudice due to waiver and a time bar;

- Count 10 (intentional infliction of emotional damage – post-termination conduct): dismissed, with leave to amend to plead "nonconclusory allegations" as to certain alleged conduct and "concrete facts" supporting respondeat superior liability;[6]

- Count 11 (private nuisance): dismissed with leave to amend to address statute of limitations;

---

[5] Count 9 is the only dismissed claim seeking injunctive relief. (4AC ¶¶ 205-207.)

[6] The district court noted its "strong" and "serious concerns" as to whether Ms. Gjovik could plead respondeat superior in good faith. (Dismissal Order at 37, 41.)

- Count 12 (ultrahazardous activities): dismissed as time-
  barred, without leave to amend;

- Count 13 (intentional infliction of emotional damage – fear of
  cancer): dismissed with leave to amend to address statute of
  limitations and the merits.[7]

(Dismissal Order at 38-41 (summarizing rulings).)  The district court
also set a deadline for Ms. Gjovik's fifth amended complaint and Apple's
answer, and authorized limited discovery on the surviving claims.
(Dismissal Order at 41.)

   Ms. Gjovik filed her Notice of Appeal on October 1, 2024, mere
hours after the Court's Dismissal Order appeared. (ECF 113, Ex. 13
("NOA")).  She identified only the Dismissal Order as the basis for her
appeal.  (NOA at 1 (listing only docket entry 112).)

## ARGUMENT

## I.    This Court Lacks Jurisdiction Under 28 U.S.C. § 1291.

   The Dismissal Order is not appealable as a final decision of the
district court because several claims and parts of claims survive the

---

[7] The district court again noted it was "extremely skeptical that Ms.
Gjovik can amend in good faith" as to the merits.  (Dismissal Order at
31, 40.)

district court's decision and the district court plainly contemplates further proceedings.  Neither is the Dismissal Order appealable under the narrow exception to § 1291's final judgment rule: the collateral order doctrine set forth in *Cohen v. Benefit Industrial Loan Corp.*, 337 U.S. 541 (1949). The issues determined in the Dismissal Order go directly to the merits of the action, and they are easily reviewable from the eventual final judgment in this case.

## A.    The Dismissal Order is not a final decision.

This Court lacks jurisdiction under 28 U.S.C. § 1291 because the only order identified in Ms. Gjovik's NOA—the Dismissal Order—is not a "final decision of the district court[]."  A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 870 (9th Cir. 2004) (*DRAC*) (quoting *United States v. Lummi Indian Tribe,* 235 F.3d 443, 448 (9th Cir. 2000)). Specifically, "[a] decision is 'final' within the meaning of § 1291 if it '(1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter.'" *Id.* (quoting *Casey v. Albertson's Inc.,* 362 F.3d 1254, 1258 (9th Cir. 2004)).

8

The Dismissal Order meets none of these requirements.  The Dismissal Order plainly does not adjudicate all issues in the case or end the litigation on the merits.  Apple's Partial MTD did not even seek dismissal of two claims included in the 4AC, and sought only dismissal in part for three others.  *Supra* 4.  In addition, the district court denied Apple's motion as to yet another claim.  *Supra* 6.  Indeed, the Federal Rules explicitly recognize that an order "that adjudicates fewer than all the claims … does not end the action as to any of the claims or parties" unless the district court "expressly determines that there is no just reason for delay" and "direct[s] entry of a final judgment."  Fed. R. Civ. P. 54(b).  Ms. Gjovik has not requested such a determination, much less obtained one, and the district court has not entered a final judgment.

It is equally clear that the district court intends to conduct further proceedings in the matter.  The district court granted Ms. Gjovik leave to file a new *fifth* amended complaint amending seven separate claims—to address merits arguments, allege additional facts, and plead compliance with statutory time bars—and set deadlines for Ms. Gjovik's filing and Apple's answer.  (Dismissal Order at 41); *supra* 5-7.  That alone is sufficient to defeat jurisdiction—it is black-letter law in this

Circuit that even "[a]n order dismissing a case … may not be appealed as a final decision under § 1291" if the court also grants the plaintiff leave to amend her complaint. *Greensprings Baptist Christian Fellowship Tr. v. Cilley*, 629 F.3d 1064, 1068 (9th Cir. 2010) (citing *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)); *see also DRAC*, 375 F.3d at 870 (dismissal of a complaint "is ordinarily not appealable unless the circumstances clearly indicate that the court determined that the complaint could not be saved by amendment"). Beyond that, the district court also acknowledged that the parties were permitted to engage in discovery on the two claims Apple did not challenge as well as other surviving portions of Ms. Gjovik's claims. (Dismissal Order at 41.)

Because the Dismissal Order is not a final decision of the district court, this Court lacks jurisdiction under § 1291.

## B. Ms. Gjovik Cannot Meet The Stringent Requirements Of The Collateral Order Doctrine.

The collateral order doctrine permits federal courts of appeal to exercise jurisdiction over a small class of decisions "that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digit. Equip. Corp. v.*

10

*Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (citations omitted).

Specifically, the collateral order doctrine applies only to orders that (1)

are conclusive, (2) resolve an important issue completely separate from

the merits of the action, and (3) are effectively unreviewable on appeal

from final judgment. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42

(1995) (citing *Cohen*, 337 U.S. at 546); *Thompson v. Frank*, 599 F.3d

1088, 1090 (9th Cir. 2010) (holding appellate court had no jurisdiction

to review order that would be addressable on appeal after final

judgment).  The Supreme Court has cautioned that this doctrine "must

never be allowed to swallow the general rule that a party is entitled to a

single appeal" after a final judgment. *Mohawk Indus., Inc. v. Carpenter*,

558 U.S. 100, 106 (2009) (quoting *Digit. Equip. Corp*, 511 U.S. at 868).

As a result, the classes of orders appealable under the collateral

order doctrine are small and strictly circumscribed.  For example, this

Court will exercise jurisdiction under the collateral order doctrine over

a denial of *immunity from suit* under the doctrine of qualified immunity

(but only "to the extent that it raises an issue of law," not fact), *Lazy Y

Ranch Ltd. v. Behrens*, 546 F.3d 580, 587-88 (9th Cir. 2008), or the

Foreign Sovereign Immunity Act, *Gupta v. Thai Airways International,*

11

*Ltd.*, 487 F.3d 759, 763 (9th Cir. 2007). Similarly, jurisdiction is available over orders granting dismissal under the *Rooker-Feldman* doctrine or *Burford* abstention, *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 991 (9th Cir. 2002), though not *Younger* abstention, *Meredith v. Oregon*, 321 F.3d 807, 811-12 & n.4 (9th Cir. 2003), *amended*, 326 F.3d 1030 (9th Cir. 2003). But it does not extend to commonplace orders granting dismissal of some, but not all, claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

The Dismissal Order illustrates why that is so—it fails two of *Swint*'s requirements. To satisfy the second prong of the collateral order doctrine, Ms. Gjovik must show that appellate review will "resolve an important issue completely separate from the merits of the action[.]" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). She cannot. The district court extensively analyzed the merits of each of the challenged counts in Ms. Gjovik's 4AC, determined whether Apple's challenges had merit and whether Ms. Gjovik's response—where she did not waive her response—answered Apple's critique, and rendered a

12

determination. *Supra* 5-7; *see generally* Dismissal Order. Those determinations thus go directly to the merits of the dismissed claims.

Neither can Ms. Gjovik satisfy *Swint*'s third prong; she will not lose her opportunity to appeal the district court's decision. Once the remaining claims are decided and the district court enters final judgment, this Court will have jurisdiction to review the merits of the Dismissal Order. *See, e.g., DRAC*, 375 F.3d at 872 (jurisdiction lacking over an order dismissing one party but available after the district court subsequently dismissed the remaining parties and entered final judgment).

Because Ms. Gjovik cannot establish two of the requirements for the collateral order doctrine, this Court lacks jurisdiction on that alternative basis.

## II.    **This Court Lacks Jurisdiction Under 28 U.S.C. § 1292.**

In 28 U.S.C. § 1292, Congress granted federal appellate courts additional jurisdiction in a small handful of particular circumstances, none of which applies here. On its face, the Dismissal Order is not an admiralty case. *See* 28 U.S.C. § 1292(a)(3). Nor does it "appoint[] receivers, or refus[e] … to wind up receiverships or to take steps to

13

accomplish the purposes thereof." 28 U.S.C. § 1292(a)(2). And while this Court can choose, in its discretion, to hear an interlocutory appeal where jurisdiction is otherwise unavailable, Ms. Gjovik has neither sought nor obtained the required determination from the district court that the Dismissal Order "involves a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b).

Finally, although the Dismissal Order dismissed Claim 9, which requested injunctive relief, (Dismissal Order at 33, 40); *supra* 6 n.5, this Court should not regard that small portion of the Dismissal Order as one "refusing [an] injunction" under 28 U.S.C. § 1292(a)(1). The Supreme Court has held that a district court order that denies *all* claims for injunctive relief in an intervenor's complaint is not appealable under § 1292(a)(1) unless "the order will have a 'serious, perhaps irreparable, consequence'" that "can be 'effectually challenged' only by immediate appeal." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 378-79 (1987) (quoting *Carson v. American Brands, Inc.,* 450 U.S. 79, 84 (1981)). The Dismissal Order fails the *Carson* test for at least two reasons. First, it does not dismiss all claims

14

for injunctive relief because, at a minimum, Ms. Gjovik's prayer for reinstatement survives along with her unchallenged Count 1 alleging wrongful termination. *See, e.g.*, *R. W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1219 (9th Cir. 2023) (noting plaintiff's "remaining claim for injunctive relief, seeking reinstatement"). Second, Ms. Gjovik has not pled any facts that suggest an "immediate appeal" is necessary, and her failure to request any preliminary relief strongly suggests there is no urgency. Indeed, at least one panel of this Court has rejected jurisdiction under § 1292(a)(1) where, as here, "the district court did not expressly refuse to grant an injunction (at no point in the case did plaintiff actually move for an injunction), but rather partially granted a motion to dismiss." *Corona v. Knowles*, 423 F. App'x 695, 696 (9th Cir. 2011). This case is much the same: Ms. Gjovik has never moved for any injunction, and the Dismissal Order merely grants in part a motion to dismiss.

## CONCLUSION

Because the Dismissal Order did not end Ms. Gjovik's litigation against Apple in the district court and none of the handful of exceptions

15

that would allow her to appeal a non-final order apply, this Court should dismiss this appeal for lack of appellate jurisdiction.

October 24, 2024

Jeffrey T. Quilici
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
200 West 6th Street, Suite 2250
Austin, TX  78701

Respectfully submitted,

*/s/ Melinda S. Riechert*

Jessica R. Perry
Melinda S. Riechert
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Kathryn G. Mantoan
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
405 Howard Street
San Francisco, CA  94105

*Counsel for Defendant-Appellee Apple Inc.*

16

## CERTIFICATE OF COMPLIANCE

1.  Pursuant to Fed. R. App. 32(g), this motion complies with the type-volume limitation of 9th Cir. R. 27-1, because this motion contains 16 pages, excluding the parts of the motion exempted by 9th Cir. R. 27-1.

2.  This motion complies with the typeface requirements of Fed. R. App. P.  32(a)(5) and the type-style requirements of Fed. R. App. P.  32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melinda S. Riechert*
Melinda S. Riechert
*Counsel for Defendant-Appellee*